**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **FRANCISCO GALLEGOS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **EP- 26-cv-00372-KC-RFC** |
| **EL PASO POLICE DEPARTMENT,** | § | |
| **GREGG ALLEN, UNKNOWN POLICE** | § | |
| **CLERK, and UNKNOWN INTERNAL** | § | |
| **AFFAIRS OFFICER** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

**ORDER AND REPORT AND RECOMMENDATION**

On this day, the Court considered Plaintiff Francisco Gallegos' Motion to Proceed *in Forma Pauperis* [hereinafter "Mot."], ECF No. 1, and attached Complaint, ECF No. 1-1. The case was assigned to United States District Judge Kathleen Cardone, who referred the Motion to the undersigned magistrate. After due consideration, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis*. However, the Court **RECOMMENDS** that Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE** as lacking subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).

## I. DISCUSSION

Plaintiff filed a motion to proceed *in forma pauperis* on February 5, 2026, in which he requested that the Court pay the costs associated with the 42 U.S.C. § 1983 claim he seeks to assert

against the El Paso Police Department ("EPPD"), EPPD Police Chief Greg Allen, an unknown EPPD clerk, and an unknown Internal Affairs officer. *See* Mot.; Compl. 2–3.

### A. Plaintiff's motion to proceed in forma pauperis is granted.

"The federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts" by allowing them to commence legal actions in federal court even if they are unable to pay the costs associated with filing. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing 28 U.S.C. § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342–343 (1948)). To be granted *in forma pauperis* status, applicants must show that they are "unable to pay such fees or give security therefor." § 1915(a)(1). After considering Plaintiff's income, assets, and financial circumstances, *see* Mot., the Court finds that Plaintiff lacks sufficient resources to cover the costs of filing. Accordingly, Plaintiff's Motion to Proceed *in Forma Pauperis* is **GRANTED**.

### B. The Court recommends Plaintiff's Section 1983 claim be dismissed.

Even where a party is granted in forma pauperis status, the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). A case falls outside the jurisdiction of the court where the federal judiciary lacks constitutional standing to adjudicate the claims. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (claims lacking constitutional standing should be dismissed for lack of subject-matter jurisdiction). Constitutional standing exists only where the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330,

2

338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

Plaintiff's Section 1983 claim arises from his allegation that he was "denied the right to file an internal affairs complaint on police officers." Compl. 3. However, federal courts have long dismissed claims challenging investigative bodies' alleged failure to investigate another person, finding private citizens "lack[] standing to contest the policies of the prosecuting authority" when they are "neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (citing *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501 (1961)); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 655 (5th Cir. 2021) (collecting cases) ("courts across the country have dutifully enforced [the holding of *Linda R.S.*] in case after case—refusing to hear claims challenging the decision not to investigate or prosecute another person"). Given that the claim brought against Defendants merely challenges law enforcement's alleged failure to commence an internal affairs investigation, the Court lacks standing to adjudicate Plaintiff's claims.

Accordingly, the Court **RECOMMENDS** Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE** as lacking subject matter jurisdiction. *Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015) (a dismissal for lack of standing "should be without prejudice").

**C. The Court recommends Plaintiff not be granted leave to amend his pleadings.**

While a pro se litigant generally should be afforded an opportunity to amend his complaint before it is dismissed, *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998) (per curiam), a plaintiff who "never had standing to assert a claim against the defendants . . . does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, or a new cause of action," *Summit Off. Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981).

Further, given that any amendment by Plaintiff would be futile, the Court recommends Plaintiff not be granted leave to amend his Complaint. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Miss.,* 331 F.3d 499, 508 (5th Cir.2003)) (denying pro se litigant's motion to amend is "not an abuse of discretion if allowing an amendment would be futile").

## II.    CONCLUSION

As to Plaintiff's Motion to Proceed *in Forma Pauperis,* ECF No. 1, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis,* ECF No. 1;

2.  **ORDERS** the Clerk of the Court to docket the Complaint, ECF No. 1-1;[1]

3.  **RECOMMENDS** Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** as lacking subject matter jurisdiction; and

4.  **FURTHER RECOMMENDS** Plaintiff not be granted leave to amend his pleadings.

**SIGNED** and **ENTERED** this 17th day of February, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

[1]    Given that the Court finds dismissal is warranted, the Court declines to order service of process on Defendants at this time.